# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. AMERICAN ENERGY PARTNERS, LP., an Oklahoman limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>2. AMERICAN ENERGY CORPORATION, an Ohio corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-13-927-L<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, American Energy Partners, LP ("American Energy Partners"), for its cause of action against Defendant, American Energy Corporation – Century Mine ("Century Mine"), alleges and states as follows:

## NATURE OF THE ACTION

1. This an action for declaratory relief arising out of Century Mine's threats of litigation based upon allegations that American Energy Partners has infringed alleged trademark rights of Century Mine in the words "American Energy."

## JURISDICTION, VENUE, & THE PARTIES

2. American Energy Partners is a limited partnership organized under the laws of Oklahoma that conducts business in various states throughout the United States and in this District.

3. Upon information and belief, Century Mine is a corporation organized under the laws of Ohio with a principal place of business at 46226 National Road, St. Clairsville, Ohio.

4. The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because it arises under the Federal Trademark Act, 15 U.S.C. § 1052 *et. seq.*  Jurisdiction over the state law cause of action of unfair competition is proper under 28 U.S.C. § 1338(b) because it is joined with substantial and related claims under the Federal Trademark laws.  This Court has supplemental jurisdiction over the other state law claims in this Complaint pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims at issue in this action occurred, or a substantial part of property that is the subject of this action is situated in this District.

## BACKGROUND

### American Energy Partners' Business And Trade Name

6. American Energy Partners was formed in 2013 with the purpose of capturing the vast opportunities currently available in America's oil and natural gas industry.

7. American Energy Partners promotes and has promoted itself and its products and services using the trade name "American Energy Partners."

8. In connection with its American Energy Partners trade name, American Energy Partners uses and has used a design mark consisting of intersecting red, white, and blue stripes, which is depicted below:



9. American Energy Partners has never and does not currently operate coal mines, or market or sell coal.

## Century Mine's Infringement Claims

10. On August 23, 2013, American Energy Partners received a letter from Century Mine's Secretary, Michael McKown (the "Century Mine Letter"). A true and correct copy of the Century Mine Letter is attached hereto as Exhibit "1."

11. In the Century Mine Letter, Century Mine alleges that Century Mine has sold coal throughout the United States and, through its "longstanding usage," has developed substantial goodwill in the phrase "American Energy Corporation" in connection with goods and services in the energy industry.

12. In the Century Mine Letter, Century Mine alleges that American Energy Partners' use of the phrase "American Energy" constitutes misappropriation and infringement of a trade name and trademark owned by Century Mine.

13. Upon information and belief, Century Mine regularly and consistently uses the following mark (the "Century Mine Design Mark") to promote itself and its products:

3



14.     The Century Mine Design Mark prominently displays the words "CENTURY MINE" curved over an outline of an image of the United States of America, embedded in which is a depiction of a bald eagle as well as the "American," "Energy," and "Corporation" appearing on separate lines. The first initial of each of the words – "A," "E," and "C" – is shown in enlarged and stylized font.

15.     Countless businesses throughout the United States use some derivation of the phrase "American Energy" in their names to connote their energy-related products or services.

16.     In Ohio alone, Century Mine's state of incorporation, the following entities utilize the term "American Energy" and do business in the energy industry:

- American Energy Services, Inc.
- American Energy Master
- American Energy Associates, Incorporated
- American Energy Assets L.L.C.
- American Energy Reserves LLC
- American Energy Group, LLC
- All American Energy Consultants, LLC
- American Energy Solutions LLC

*See* Printout from the Ohio Secretary of States website, a true and correct copy of which is attached as Exhibit "2."

4

17. Upon information and belief, Century Mine has not filed suit against any other entity using a derivation of "American Energy" in its name or trade name alleging that that such name or trade name infringes Century Mine's alleged trademark.

18. Upon information and belief, Century Mine does not and has not promoted itself or its products using solely the term "American Energy."

19. Indeed, Century Mine's use of "American Energy" is consistently in combination with the non-distinct word "Corporation" and/or the design elements depicted in paragraph 13.

20. Upon information and belief, Century Mine's goods and services are limited to the marketing and sale of coal.

21. Indeed, Century Mine's Letter states that "[Century Mine], incorporated in 1993, has marketed and sold **_coal_** to the East, Midwest, and Southeast **_coal_** marketplaces." *See* Exh. 1 (emp. added).

22. Century Mine's letter alleges that American Energy Partners' "use of our [Century Mine's] name is in direct competition with our goods and services and will cause confusion in [the] marketplace . . . ." *See* Exh. 1.

23. Century Mine's letter concludes by asserting accusations of deceptive trade practices and unfair competition under Ohio law against American Energy Partners and demanding that American Energy Partners "commit to taking the steps necessary to cease use of [Century Mine's]" alleged "trade name and trademark" by 12:00 PM, EDT, on August 28, 2013, otherwise Century Mine intends to "file a Complaint" against American Energy Partners. *See* Exh. 1.

## COUNT I
### Declaratory Judgment That American Energy Partners' Use Of Its Trade Name Does Not Constitute Unfair Competition Under Federal Law (15 U.S.C. § 1125) Or Common Law

24. American Energy Partners re-alleges and incorporates the foregoing paragraphs as though set forth fully herein.

25. Declaratory and further relief is appropriate pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, §2202.

26. An actual controversy has arisen concerning the rights and obligations of American Energy Partners and Century Mine regarding their respective use and rights in the phrase "American Energy."

27. Century Mine's accusations of infringement, arbitrary deadlines, and threats of legal action, have placed American Energy Partners in reasonable apprehension of imminent suit and give rise to an actual and concrete controversy between the parties as to whether American Energy Partners' use of its trade name constitutes unfair competition under federal law or Ohio common law.

28. Accordingly, American Energy Partners seeks a declaratory judgment that its use of its trade name does not constitute unfair competition under federal law or Ohio common law.

29. Upon information and belief, American Energy Partners and Century Mine do not sell to the same customers.

30. Upon information and belief, American Energy Partners and Century Mine's products do not travel in the same channels of trade.

31. American Energy Partners' trade name, on its own or as it is actually used by American Energy Partners – below intersecting red white and blue stripes – does not (or at least is not likely to) cause confusion with the Century Mine name or the Century Mine Design Mark, nor is it likely to deceive as to the affiliation, connection, or association of American Energy Partners with Century Mine (of which there is none) or as to the origin sponsorship, or approval of American Energy Partners' goods, services or commercial activities.

32. Indeed, the American Energy Partners' trade name, on its own and as it is actually used by American Energy Partners differs in appearance from the Century Mine trade name and Century Mine Design Mark and creates a different impression in the minds of consumers than do the Century Mine name and Century Mine Design Mark.

33. Additionally, upon information and belief, Century Mine has not used the phrase "American Energy" in commerce.

34. To the contrary, Century Mine uses "American Energy" in combination with the words "Corporation," "Century Mine," and/or the design elements depicted in paragraph 12.

35. American Energy Partners is, therefore, entitled to a declaratory judgment that its use of its trade name does not constitute unfair competition under federal or common law.

## COUNT II
### Declaratory Judgment That American Energy Partners' Use Of Its Trade Name Does Not Constitute Trademark Infringement
### Under Ohio Common Law or Ohio Revised Code § 1329.65

36. American Energy Partners re-alleges and incorporates the foregoing paragraphs as though set forth fully herein.

37. Declaratory and further relief is appropriate pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, §2202.

38. An actual controversy has arisen concerning the rights and obligations of American Energy Partners and Century Mine regarding their respective use and rights in the phrase "American Energy."

39. American Energy Partners' trade name, on its own or as it is actually used by American Energy Partners – below intersecting red white and blue stripes – does not (or at least is not likely to) cause confusion with the Century Mine name or the Century Mine Design Mark, nor is it likely to deceive as to the affiliation, connection, or association of American Energy Partners with Century Mine (of which there is none) or as to the origin sponsorship, or approval of American Energy Partners' goods, services or commercial activities.

40. Accordingly, American Energy Partners' use of its trade name, on its own or as it is actually used by American Energy Partners – below intersecting red white and blue stripes – does not constitute statutory trademark infringement under Ohio Revised Code § 1329.65 or Ohio common law.

41. American Energy Partners is, therefore, entitled to a declaratory judgment that it does not infringe any statutory or common law trademark rights of Century Mine.

## COUNT III
### Declaratory Judgment That American Energy Partners' Use Of Its Trade Name Does Not Violate Ohio's Deceptive Trade Practices Act

42. American Energy Partners re-alleges and incorporates the foregoing paragraphs as though set forth fully herein.

43. Declaratory and further relief is appropriate pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, §2202.

44. An actual controversy has arisen concerning the rights and obligations of American Energy Partners and Century Mine regarding their respective use and rights in the phrase "American Energy."

45. American Energy Partners' trade name, on its own or as it is actually used by American Energy Partners – below intersecting red white and blue stripes – does not (or at least is not likely to) cause confusion with the Century Mine name or the Century Mine Design Mark, nor is it likely to deceive as to the affiliation, connection, or association of American Energy Partners with Century Mine (of which there is none) or as to the origin sponsorship, or approval of American Energy Partners' goods, services or commercial activities.

46. Accordingly, American Energy Partners' use of its trade name, on its own or as it is actually used by American Energy Partners – below intersecting red white and blue stripes – does not violate Ohio's Deceptive Trade Practices Act.

47.     American Energy Partners is, therefore, entitled to a declaratory judgment that it does not infringe any statutory or common law trademark rights of Century Mine.

## COUNT IV
### Declaratory Judgment That Century Mine Has No Protectable Interest In The Generic Terms "American Energy"

48.     American Energy Partners repeats and re-alleges the foregoing paragraphs as though set forth fully herein.

49.     American Energy Partners re-alleges and incorporates the foregoing paragraphs as though set forth fully herein.

50.     Declaratory and further relief is appropriate pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, §2202.

51.     An actual controversy has arisen concerning the rights and obligations of American Energy Partners and Century Mine regarding their respective use and rights in the phrase "American Energy."

52.     The individual words "American Energy" (and/or the combination thereof) are generic and, therefore, not protectable as a trademark.

53.     Accordingly, Century Mine does not possess, and cannot assert, any protectable interest in the phrase "American Energy" standing alone.

54.     American Energy Partners is, therefore, entitled to a declaratory judgment that Century Mine has no protectable trademark interest in "American Energy" that can be asserted against American Energy Partners.

## **PRAYER FOR RELIEF**

WHEREFORE, American Energy Partners respectfully requests that this Court grant the following relief:

1. A declaratory judgment that American Energy Partners' use of the trade name American Energy Partners does not constitute unfair competition under federal or common law;

2. A declaratory judgment that American Energy Partners' use of the trade name American Energy Partners does not constitute trademark infringement under state or federal law;

3. A declaratory judgment that American Energy Partners use of its trade name does not constitute statutory trademark infringement under Ohio Revised Code § 1329.65 or Ohio common law;

4. A declaratory judgment that American Energy Partners use of its trade name does not violate Ohio's Deceptive Trade Practices Act;

5. A declaratory judgment that Century Mine does not possess any protectable rights in the words "American Energy" that can be asserted against American Energy Partners;

6. That the Court assess the costs of this action and American Energy Partners' attorneys' fees against Century Mine as allowable by law; and

7. Any and all such other relief that the Court may deem just and proper.

Respectfully submitted,

*s/Anthony L. Rahhal*
Anthony L. Rahhal, OBA #14799
Michael D. McClintock, OBA #18105
Zachary A.P. Oubre, OBA #30666
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439
anthony.rahhal@mcafeetaft.com
michael.mcclintock@mcafeetaft.com
zach.oubre@mcafeetaft.com

and

Samuel W. Apicelli
Matthew A. Taylor
Jeffrey S. Pollack
Duane Morris LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone:  (215) 979-1000
Facsimile:  (215) 979-1020
swapicelli@duanemorris.com
mataylor@duanemorris.com
jspollack@duanemorris.com
*Of Counsel*

ATTORNEYS FOR PLAINTIFF